IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Joseph Valesh, | |
| *On behalf of himself and those similarly situated*, | Case No. |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| Bajco International, LLC; Bajco, LLC; Bajco Michiana III, LLC; Bajco Global Management, LLC; Bajco Global Management II, LLC; Bajco 100, LLC; Bajco North, LLC; Bajco East, LLC; Bajco Central, LLC; Bajco Florida, LLC; Bajco Illinois, LLC; Bajco Michiana, LLC; Bajco Michiana II, LLC; Bajco Michiana IV, LLC; Bajco New York, LLC; Bajco Ohio, LLC; Bajco Philadelphia, LLC; Bajco Williamsport, LLC; Bajco Wisconsin, LLC; BETCO 36 Bajco Venture LLC; Nadeem Bajwa; *and* Faisal Bajwa, | Jury Demand Endorsed Hereon |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.     Joseph Valesh, on behalf of himself and similarly-situated individuals, brings this action against Defendants Bajco International, LLC; Bajco, LLC; Bajco Michiana III, LLC; Bajco Global Management, LLC; Bajco Global Management II, LLC; Bajco 100, LLC; Bajco North, LLC; Bajco East, LLC; Bajco Central, LLC; Bajco Florida, LLC; Bajco Illinois, LLC; Bajco Michiana, LLC; Bajco Michiana II, LLC; Bajco Michiana IV, LLC; Bajco New York, LLC; Bajco Ohio, LLC; Bajco Philadelphia, LLC; Bajco Williamsport, LLC; Bajco Wisconsin, LLC; BETCO

36 Bajco Venture LLC; Nadeem Bajwa; and Faisal Bajwa, ("Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Indiana Wage Payment Act ("IWPA"), Ind. Code § 22-2-5, and the Indiana Wage Deduction Act, Ind. Code § 22-2-6, and for unjust enrichment.

2.      Defendants own and operate approximately 125 Papa John's Pizza locations in the United States ("Defendants' Papa John's stores").

3.      Plaintiff seeks to represent the delivery drivers who have worked at the Defendants' Papa John's stores ("Delivery Drivers").

4.      Defendants repeatedly and willfully violated the Fair Labor Standards Act, Section 34a, and Ind. Code § 22-2-5 and Ind. Code § 22-2-6 by failing to adequately reimburse Delivery Drivers for their delivery-related expenses, thereby failing to pay Delivery Drivers the legally mandated minimum wages for all hours worked.

5.      All Delivery Drivers at the Defendants' Papa John's stores, including Plaintiff, have been subject to the same or similar employment policies and practices.

## Jurisdiction and Venue

6.      Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

7.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Indiana law claims under Ind. Code § 22-2-5 and Ind. Code § 22-2-6.

8.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because Plaintiff Joseph Valesh resides in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

PARTIES

**Plaintiff**

**Joseph Valesh**

9.     Plaintiff Joseph Valesh is a resident of Indiana.

10.     Plaintiff was an "employee" of all of the Defendants as defined in the FLSA, Ind. Code § 22-2-5, and Ind. Code § 22-2-6.

11.     Plaintiff has given written consent to join this action.

**Defendants**

12.     Defendants' Papa John's stores are owned and/or operated by a number of entities and individuals, each of whom employ Plaintiff and the Delivery Drivers.

**The Defendant Entities**

13.     The Defendant Entities—Bajco International, LLC; Bajco, LLC; Bajco Michiana III, LLC; Bajco Global Management, LLC; Bajco Global Management II, LLC; Bajco 100, LLC; Bajco North, LLC; Bajco East, LLC; Bajco Central, LLC; Bajco Florida, LLC; Bajco Illinois, LLC; Bajco Michiana, LLC; Bajco Michiana II, LLC; Bajco Michiana IV, LLC; Bajco New York, LLC; Bajco Ohio, LLC; Bajco Philadelphia, LLC; Bajco Williamsport, LLC; Bajco Wisconsin, LLC; and BETCO 36 Bajco Venture LLC—are limited liability companies headquartered in and/or around Niles, OH, and/or Canfield, OH.

14.     The Defendant Entities were founded, owned, and/or operated by Defendant Nadeem Bajwa.

3

15.     Upon information and belief, the word contained in all of the Defendant Entities' names—"Bajco"—is a reference to Defendant Nadeem Bajwa's last name.

16.     Upon information and belief, some of the Defendant Entities primarily function to operate a single Papa John's store or group of stores within the Bajco Papa John's Pizza operation. For example, upon information and belief, "Bajco Michiana III, LLC" operates the store location where Plaintiff worked.

17.     Upon information and belief, other of the Defendant Entities operate in an administrative or support role within the Bajco Papa John's Pizza operation. For example, upon information and belief, Bajco, LLC, Bajco International, LLC, Bajco Global Management, LLC, Bajco Global Management II, LLC, and BETCO 36 Bajco Venture LLC are entities that provide administrative, back office, financial, and other operational support to Defendants' Papa John's Pizza stores.

18.     Together, all of the Defendants make up the Bajco Papa John's Pizza operation.

19.     Defendants collectively operate under the trade name "Bajco Group".

20.     Defendants own and operate one of the largest Papa John's Pizza franchise chains, totaling approximately 125 stores in the United States.

21.     The Bajco Papa John's operation was recognized in 2019 by "Franchise 200" as the #121 ranked franchise in the United States. *See* https://www.franchisetimes.com/pdf/2019/ Franchise%20Handbook-web.pdf.

22.     The Bajco Papa John's operation was recognized in 2020 by "Multi-Unit Franchise" as the #87 ranked franchise in the United States. *See* https://www.franchising. com/articles/2020_mega_99_rankings.html.

23.     In 2015, Defendants Bajco, LLC, Bajco 100, LLC, Bajco East, LLC, Bajco Florida, LLC, Bajco Global Management, LLC, Bajco Gulf Holdings, LLC, Bajco Gulf, LLC, Bajco Michiana, LLC, Bajco Michiana II, LLC, Bajco Michiana III, LLC, Bajco New York, LLC, Bajco North, LLC, Bajco PA, Bajco Philadelphia, LLC, BETCO 36 Bajco Venture, LLC,  and Bajco Williamsport, LLC jointly settled a delivery driver automobile expenses under-reimbursement case based on  the same facts alleged herein. *See Heuberger v. Bajco, LLC*, No. 1:14-cv-01472, Doc. 101 (S.D. Ind. Oct. 21, 2015).

24.     The Bajco Papa John's operation has the authority to and does hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and methods of pay, and/or maintain employee records. Defendants form a "single employer" as they are part of a single integrated enterprise and/or they are joint employers as they jointly operate a chain of Papa John's franchise stores and maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control. Because the work performed by Plaintiff and all other Delivery Drivers benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

25.     Each of the Defendant Entities has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

26.     Each of the Defendant Entities directly or indirectly controls of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

27.     Each of the Defendant Entities maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

28.     Each of the Defendant Entities is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

29.     Each of the Defendant Entities has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

30.     Each of the Defendant Entities has gross revenue that exceeds $500,000 per year.

31.     Collectively, the Defendant Entities have gross revenue that exceeds $500,000 per year.

**Nadeem Bajwa**

32.     Defendant Nadeem Bajwa is the owner of the Defendant Entities.

33.     Defendant Nadeem Bajwa is involved in the operation of the Defendant Entities.

34.     Defendant Nadeem Bajwa is the CEO of some or all of the Defendant Entities.

35.     Defendant Nadeem Bajwa is the CFO of some or all of the Defendant Entities.

36.     Through the Defendant Entities, Defendant Nadeem Bajwa owns and operates the Defendants' Papa John's stores.

37.     Defendant Nadeem Bajwa acts directly and indirectly on behalf of the Bajco Papa John's operation in relation to the operation's Delivery Drivers.

38.     Defendant Nadeem Bajwa has the authority to control the terms of employment of the Delivery Drivers at Defendants' Papa John's stores, even if he sometimes delegates that authority to other individuals and managers.

39.     Nadeem Bajwa operates more than 125 Papa John's Stores in the United States.

40.     Nadeem Bajwa is individually liable to the Delivery Drivers at the Defendants' Papa John's stores under the definitions of "employer" set forth in the FLSA, Ind. Code § 22-2-5 and Ind. Code § 22-2-6 because he owns the Defendants' Papa John's stores, serves as a CEO and owner of Bajco Michiana III, LLC, Bajco Global Management, LLC., Bajco International, LLC, ultimately controls significant aspects of the Defendants' Papa John's stores' day-to-day functions, and ultimately controls compensation and reimbursement of employees.  29 U.S.C. § 203(d).

41.     Nadeem Bajwa is the franchisee of the Defendants' Papa John's stores.

42.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had financial control over the operations at each of the Defendants' Papa John's stores.

43.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had a role in significant aspects of the Defendants' Papa John's stores' day to day operations.

44.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had control over the Defendants' Papa John's stores' pay policies.

45.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had power over personnel and payroll decisions at the Defendants' Papa John's stores, including but not limited to influence of delivery driver pay.

46.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had the power to hire, fire and discipline employees, including Delivery Drivers at the Defendants' Papa John's stores.

47.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had the power to stop any illegal pay practices that harmed Delivery Drivers at the Defendants' Papa John's stores.

48.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had the power to transfer the assets and liabilities of the Defendant entities.

49.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had the power to declare bankruptcy on behalf of the Defendant entities.

50.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had the power to enter into contracts on behalf of each of the Defendants' Papa John's stores.

51.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa has had the power to close, shut down, and/or sell each of the Defendants' Papa John's stores.

52.     At all relevant times, by virtue of his role as owner and CEO of the Defendant Entities, Nadeem Bajwa had authority over the overall direction of each of Defendants' Papa John's stores and was ultimately responsible for their operations.

53.     The Defendants' Papa John's stores and operation function for Nadeem Bajwa's profit.

54.     Nadeem Bajwa has influence over how the Defendants' Papa John's stores can run more profitably and efficiently.

**Faisal Bajwa**

55.     Faisal Bajwa is the CFO of some or all of the Defendant Entities.

56.     Faisal Bajwa operates more than 125 Papa John's Stores in the United States.

57.     Faisal Bajwa is individually liable to the Delivery Drivers at the Defendants' Papa John's stores under the definitions of "employer" set forth in the FLSA, Ind. Code § 22-2-5 and Ind. Code § 22-2-6 because he owns the Defendants' Papa John's stores, serves as a CFO of Bajco Michiana III, LLC, Bajco Global Management, LLC., and Bajco International, LLC, ultimately controls significant aspects of the Defendants' Papa John's stores' day-to-day functions, and ultimately controls compensation and reimbursement of employees.  29 U.S.C. § 203(d).

58.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had financial control over the operations at each of the Defendants' Papa John's stores.

59.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had a role in significant aspects of the Defendants' Papa John's stores' day to day operations.

60.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had control over the Defendants' Papa John's stores' pay policies.

61.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had power over personnel and payroll decisions at the Defendants' Papa John's stores, including but not limited to influence of delivery driver pay.

62.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had the power to hire, fire and discipline employees, including Delivery Drivers at the Defendants' Papa John's stores.

63.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had the power to stop any illegal pay practices that harmed Delivery Drivers at the Defendants' Papa John's stores.

64.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had the power to transfer the assets and liabilities of the Defendant entities.

65.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had the power to declare bankruptcy on behalf of the Defendant entities.

66.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had the power to enter into contracts on behalf of each of the Defendants' Papa John's stores.

67.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa has had the power to close, shut down, and/or sell each of the Defendants' Papa John's stores.

68.     At all relevant times, by virtue of his role as CFO of the Defendant Entities, Faisal Bajwa had authority over the overall direction of each of Defendants' Papa John's stores and was ultimately responsible for their operations.

69.     The Defendants' Papa John's stores function for Faisal Bajwa's profit.

70.     Faisal Bajwa has influence over how the Defendants' Papa John's stores can run more profitably and efficiently.

**Doe Corporation 1-10**

71.     Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of the Defendants' Papa John's stores, and qualify as "employers" of Plaintiff and the Delivery Drivers at the Defendants' Papa John's stores as that term is defined by the FLSA and Indiana wage law.

72.     Upon information and belief, Nadeem Bajwa owns and/or operates, in whole or in part, a number of other entities that may make up part of the Defendants' Papa John's operation.

73.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

74.     Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiff and the Delivery Drivers at the Defendants' Papa John's stores as that term is defined by the FLSA and Indiana wage law.

75.     Upon information and belief, Nadeem Bajwa has entered into co-owner relationships with a number of his managers and business partners, and those individuals might also qualify as "employers" of Plaintiff and the Delivery Drivers at the Defendants' Papa John's stores as that term is defined by the FLSA and Indiana wage law.

76.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

FACTS

Class-wide Factual Allegations

77.     During all relevant times, Defendants have operated the Defendants' Papa John's stores.

78.     Plaintiff and the similarly situated persons Plaintiff seeks to represent are current and former Delivery Drivers at the Defendants' Papa John's stores.

79.     All Delivery Drivers employed at the Defendants' Papa John's stores over the last three years have had essentially the same job duties.

80.     When there are no deliveries to make, Defendants' Delivery Drivers are required to work inside the Defendants' Papa John's stores cleaning up dishes, sweeping, making boxes, stocking doughs, boxes, coolers, and the pull table, filling the ice container, and completing other duties inside the restaurant as necessary.

81.     Plaintiff and similarly situated Delivery Drivers have been paid minimum wage or slightly above minimum wage for the hours they worked while completing duties inside the restaurant.

82. Plaintiff and similarly situated Delivery Drivers have been paid minimum wage minus a tip credit for the hours they worked while delivering food for Defendants' Papa John's stores.

83. The job duties performed by Delivery Drivers inside the store are not related to their tip-producing duties while they are out on the road making deliveries.

84. Delivery Drivers do not complete their inside job duties contemporaneously with their delivery job duties.

85. The Delivery Drivers at the Defendants' Papa John's stores work "dual jobs."

86. Defendants require Delivery Drivers at Defendants' Papa John's stores to provide cars to use while completing deliveries for Defendants.

87. Defendants require Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

88. Defendants require Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing charges, licensing and registration costs, cell phone costs, GPS charges, and other equipment necessary for Delivery Drivers to complete their job duties.

89. Pursuant to such requirements, Plaintiff and other similarly situated employees purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation and damage, financing, licensing, and registration charges, and incur cell phone and data charges all for the primary benefit of Defendants.

90.     The Defendants' Papa John's stores reimburse their Delivery Drivers at a set rate for each delivery order.

91.     For example, Plaintiff is reimbursed $1.25 for each order Plaintiff delivers.

92.     Defendants' reimbursement payments had no connection to the actual expenses incurred by the Delivery Drivers.

93.     The Defendants' Papa John's stores do not track or record the Delivery Drivers' actual expenses.

94.     The Defendants' Papa John's stores do not collect receipts or other records from their Delivery Drivers related to the expenses they incur while completing deliveries.

95.     The Defendants' Papa John's stores do not reimburse their Delivery Drivers for the actual expenses Delivery Drivers incur.

96.     The Defendants' Papa John's stores do not reimburse their Delivery Drivers at the IRS standard business mileage rate.

97.     The Defendants' Papa John's stores did not even reasonably approximate the Delivery Drivers' expenses.

98.     The Defendants' Papa John's stores' reimbursement payments result in reimbursements that are less than the IRS standard business mileage rate for each mile driven.

99.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

        a.     2017: 53.5 cents/mile
        b.     2018: 54.5 cents/mile
        c.     2019: 58 cents/mile
        d.     2020: 57.5 cents/mile

14

100.    The Delivery Drivers at the Defendants' Papa John's stores have incurred even more in expenses than those contemplated by the IRS standard business mileage rate—*e.g.*, cell phone and data charges.

101.    As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated Delivery Drivers, they were deprived of minimum wages guaranteed to them by the FLSA and Indiana law.

102.    Defendants have applied the same or similar pay policies, practices, and procedures to all Delivery Drivers at the Defendants' Papa John's stores.

103.    Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the Delivery Drivers incurred unreimbursed automobile expenses, the Delivery Drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

104.    Defendants have failed to properly take a tip credit from Plaintiffs' wages and the wages of similarly situated employees because, after accounting for unreimbursed expenses, Defendants have paid Delivery Drivers a lower wage rate than they informed the Delivery Drivers they would be paid.

105.    Defendants have also failed to properly inform Plaintiff and similarly situated Delivery Drivers of the requirements for taking a tip credit. 29 C.F.R.§ 531.59.

106.    Defendants' Delivery Drivers are sometimes required to go to other of Defendants' stores to get food and supplies. The drivers are not reimbursed at all for the miles they drive completing these tasks.

107.    Defendants have willfully failed to pay federal and Indiana state minimum wage to Plaintiff and similarly situated Delivery Drivers at the Defendants' Papa John's stores.

## Plaintiff's Individual Factual Allegations

108.    Plaintiff worked at the Papa John's store in Lafayette, Indiana from approximately September 2017 until approximately April 2019.

109.    From the start of his employment until approximately February 2019, Plaintiff was paid minimum wage minus a tip credit ($5.25 and eventually $5.75 per hour), for the hours he worked delivering food items for Defendants.

110.    When Plaintiff was not delivering food, he worked inside the restaurant. His work inside the restaurant included stocking, doing dishes, cleaning, and completing other duties inside the restaurant as necessary.

111.    From the start of his employment until approximately February 2019, Plaintiff received minimum wage, $7.25 per hour, for his work inside the restaurant.

112.    From approximately February 2019 until April 2019, Plaintiff received $7.75 for this work inside the restaurant.

113.    Plaintiff worked dual jobs.

114.    Plaintiff's inside duties were not related to his delivery duties.

115.    Plaintiff was required to use his own car to deliver pizzas.

116.    Plaintiff was reimbursed a set rate for each of the delivery orders he completed. Plaintiff was reimbursed $1.25 for each delivery he completed.

117.    Plaintiff was required to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

118.    Plaintiff was required to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, cell phone service, GPS service, automobile financing, licensing and registration costs, and other equipment necessary for Plaintiff to complete his job duties.

119.    Plaintiff purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation and damage, automobile financing, licensing and registration costs, and incurred cell phone and data charges all for the primary benefit of Defendants.

120.    Defendants did not track the actual expenses incurred by Plaintiff.

121.    Defendants did not ask Plaintiff to provide receipts of the expenses he incurred while delivering pizzas for Defendants.

122.    Defendants did not reimburse Plaintiff based on his actual delivery-related expenses.

123.    Plaintiff was not reimbursed at the IRS standard mileage rate for the miles he drove while completing deliveries.

124.    Defendants did not reimburse Plaintiff based on a reasonable approximation of his expenses.

125.    Plaintiff completed approximately 3 deliveries per hour.

126.    Plaintiff drove approximately 7 miles per delivery on average.

127.    In 2019, for example, the IRS business mileage reimbursement was $.58 per mile. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates.    During    this    time    period, Plaintiff was reimbursed $1.25 per delivery. Considering Plaintiff's estimate of about 7 miles per

delivery (7 miles x $.58 per mile = $4.06), Defendants under-reimbursed him by about $2.81 per delivery ($4.06 - $1.25). Since Plaintiff completed approximately 3 deliveries per hour, Plaintiff was under-reimbursed by approximately $8.43 per hour ($2.81 x 3 deliveries per hour).

128.    Defendants have failed to properly take a tip credit from Plaintiff's wages because, after accounting for unreimbursed expenses, Defendants have taken more of a tip credit than they informed Plaintiff they would be taking.

129.    Defendants have failed to pay Plaintiff minimum wage as required by law.

### Collective Action Allegations

130.    Plaintiff brings the First Count on behalf of himself and all similarly situated current and former Delivery Drivers employed at the Defendants' Papa John's stores owned, operated, and controlled by Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

131.    At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and failing to reimburse Delivery Drivers for automobile expenses and other job-related expenses. Plaintiff's claims are essentially the same as those of the FLSA Collective.

132.    Defendants' unlawful conduct is pursuant to a company policy or practice.

133.    Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked and to fully reimburse for "tools of the

trade." Defendants are aware or should have been aware that they were obligated to actually pay the tipped wage rate that they informed Plaintiff and other Delivery Drivers that they would pay.

134.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

135.    The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

136.    The FLSA Collective members are readily identifiable and ascertainable.

137.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## Class Action Allegations

138.    Plaintiff brings the Second and Third Counts under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former Delivery Drivers employed by Defendants at the Defendants' Papa John's stores in the State of Indiana between the date two years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Class").

139.    Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

140.    The number and identity of the Rule 23 Class members are ascertainable from Defendants' records.

141.   The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Rule 23 Class Member are determinable from Defendants' records.

142.   All of the records relevant to the claims of Rule 23 Class Members should be found in Defendants' records.

143.   For the purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendants.

144.   Notice can be provided by means permissible under Rule 23.

145.   The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

146.   There are more than 50 Rule 23 Class members.

147.   Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

148.   Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply Ind. Code § 22-2-5 and Ind. Code § 22-2-6.

149.   Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

150.   Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

151.   Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

152.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

153.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

154.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

     a.  Whether Plaintiff and the Rule 23 Class members were subject to a common expense reimbursement policy that resulted in wages to drop below legally allowable minimum wage;

     b.  Whether Plaintiff and the Rule 23 Class were subject to a policy that required them to maintain and pay for safe, operable, and legally compliant automobiles to use in completing deliveries;

     c.  Whether Plaintiff and the Rule 23 Class incurred expenses for the benefit of Defendants in the course of completing deliveries;

     d.  Whether Defendants reimbursed Plaintiff and the Rule 23 Class members for their actual expenses;

     e.  Whether Defendants reimbursed Plaintiff and the Rule 23 Class members at the IRS standard business mileage rate for the miles they drove in making deliveries;

f.   Whether Defendants properly reimbursed Plaintiff and the Rule 23 Class members;

g.   Whether Plaintiff and the Rule 23 Class were properly informed of the requirements for taking a tip credit;

h.   Whether Plaintiff and the Rule 23 Class were actually paid the wage rate they were promised by Defendants;

i.   Whether Plaintiff and the Rule 23 Class conferred a benefit on Defendants that Defendants were aware of and accepted, and whether it would be unjust for Defendants to retain that benefit without compensating for it;

j.   Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described in Ind. Code § 22-2-5-1;

k.   Whether Defendants were acting in good faith when they failed to pay Plaintiff and the Rule 23 Class in accordance with Ind. Code § 22-2-5-2;

l.   Whether Defendants' deductions from Plaintiff and the Rule 23 were permissible in the manner described in Ind. Code § 22-2-6; and

m.   The nature and extent of class-wide injury and the measure of damages for those injuries.

155.   In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

### Causes of Action

### Count 1
### Failure to Pay Minimum Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

156.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

22

157.   Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

158.   Defendants failed to properly claim a tip credit from the wages of Plaintiff and the FLSA collective because Plaintiff and the FLSA collective were paid a wage rate lower than Defendants informed them that they would be paid.

159.   Defendants paid Plaintiff and the FLSA Collective at or close to minimum wage for all hours worked.

160.   Defendants required and continue to require Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, and failed to properly reimburse Plaintiff and the FLSA Collective for said expenses.

161.   By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

162.   Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

163.   As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## Count 2
## Failure to Pay Earned Wages – Indiana Code § 22-2-5
### (On Behalf of Plaintiff and the Rule 23 Class)

164.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

165.     Defendants paid Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses.

166.     Ind. Code § 22-2-5, *et seq.*, requires that all employers, including Defendants, pay their employees the amount due to the employee at least semimonthly or biweekly.

167.     Ind. Code § 22-2-5, *et seq.*, requires that payment shall be made for all wages earned to a date not more than 10 business days prior to the date of payment.

168.     Ind. Code § 22-2-5-2 allows employees who have been denied the timely payment of wages under Ind. Code § 22-2-5-1 to recover their unpaid wages, costs and attorneys' fees, and allows employees an additional two times their unpaid wages if the employer was not acting in good faith when they failed to pay all wages due to the employee.

169.     Defendants have failed to pay Plaintiff and the Rule 23 Class their earned wages in accordance with Ind. Code § 22-2-5-1.

170.     By not paying minimum wage to Plaintiff and the Rule 23 Class, Defendants have violated Ind. Code § 22-2-5-1.

171.     Defendants did not act in good faith in failing to pay Plaintiff and the Rule 23 Class their earned wages.

172.     As a result of Defendants' failure to pay Plaintiff and the Rule 23 Class in accordance with Ind. Code § 22-2-5, Plaintiff and the Rule 23 Class are entitled to unpaid wages, unreimbursed expenses, an additional two times unpaid wages as damages, costs, and attorneys' fees.

## Count 3
## Withholding of Wages – Ind. Code§ 22-2-6, *et seq.*

<u>(On Behalf of Plaintiff and the Rule 23 Class)</u>

173.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

174.   Ind. Code § 22-2-6-2 limits the type and amount of deductions and assignments are permitted to take from an employee's wages.

175.   Defendants violated Ind. Code § 22-2-6-2 by taking deductions from the wages of Plaintiff and the Rule 23 Class members for automobile expenses without the prior consent of Plaintiff and the Rule 23 Class members.

176.   By not paying Plaintiff and the Rule 23 Class for all hours worked, Defendants violated Ind. Code § 22-2-6.

177.   Defendants did not act in good faith in failing to pay Plaintiff and the Rule 23 Class their earned wages.

178.   As a result of Defendants' failure to pay Plaintiff and the Rule 23 Class in accordance with Ind. Code § 22-2-6, Plaintiff and Rule 23 Class are entitled to unpaid wages, unreimbursed expenses, an additional two times unpaid wages, damages, costs, and attorneys' fees. .

WHEREFORE, Plaintiff Joseph Valesh, on behalf of himself and those similarly situated, prays for all of the following relief:

A.   Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this

action, and appointment of Plaintiffs and their counsel to represent the collective action members.

B.      Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

E.      A declaratory judgment that the practices complained of herein are unlawful under Ind. Code § 22-2-5, *et seq.* and Ind. Code § 22-2-6, *et seq.*

F.      An award of damages under the Ind. Code § 22-2-5, *et seq.* and Ind. Code § 22-2-6, *et seq.* in the amount of unpaid wages, double damages, unlawful deductions, attorneys' fees, and costs.

G.      An award of prejudgment and post-judgment interest.

H.      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

I.      Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Zachary T. Williams*
Zachary T. Williams (30207-41)
E-mail:  zwilliams@witheredlaw.com
WITHERED BURNS & WILLIAMS, LLP
8 North Third Street, Suite 401
P.O. Box 499
Lafayette, IN 47902-0499
Telephone: (765) 742-1988
Fax No.:  (765) 742-8774

/s/ Patrick I. Jones
Patrick I. Jones (32646-49)
Email: pjones@witheredlaw.com
WITHERED BURNS & WILLIAMS, LLP
8 North Third Street, Suite 401
P.O. Box 499
Lafayette, IN 47902-0499
Telephone: (765) 742-1988
Fax No.:  (765) 742-8774

/s/ Philip J. Krzeski
Andrew R. Biller (Ohio Bar # 0081452)*
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (Ohio Bar # 0093172)*
Philip J. Krzeski (Ohio Bar # 0095713*
Louise M. Roselle (Ohio Bar # 14844)*
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
*lroselle@billerkimble.com*

www.billerkimble.com

*pro hac vice application forthcoming*

*Counsel for Plaintiff  and the putative class*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

*/s/Zachary T. Williams*
Zachary T. Williams