UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH VALESH, | |
| Plaintiff, | |
| v. | CAUSE NO. 4:20-cv-28 DRL-JPK |
| BAJCO INTERNATIONAL, LLC, *et al.*, | |
| Defendants. | |

### OPINION & ORDER

This case was recently assigned to this presiding judge. Joseph Valesh says the defendants (collectively "Bajco Group") violated the Fair Labor Standards Act and Indiana law by failing to pay him minimum wages as a pizza delivery driver at Papa John's, locations that Bajco Group operates. He seeks conditional certification of the alleged FLSA violations under 29 U.S.C. § 216(b) for similarly situated pizza delivery drivers from all of Papa John's locations that Bajco Group operates. Bajco Group didn't respond. The court grants the motion.

### DISCUSSION

FLSA allows an employee to pursue a claim for unpaid wages through a collective action for him and other "similarly situated" employees. 29 U.S.C. § 216(b); *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). A collective action is similar to, but distinct from, a class action under Federal Rule of Civil Procedure 23. "The principle difference is that plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit by filing a written consent with the court, while the typical class action includes all potential plaintiffs that meet the class definition and do not opt-out." *Alvarez*, 605 F.3d at 448; *see* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770,

771 (7th Cir. 2013). The court may facilitate notice of a conditional collective action to those "similarly situated" to a plaintiff. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169 (1989).

Though FLSA leaves "similarly situated" undefined, courts in this circuit take a two-step approach in determining whether other employees are similarly situated to the plaintiff. *Hayes v. Thor Motor Coach*, 2020 U.S. Dist. LEXIS 158555, 5 (N.D. Ind. Sept. 1, 2020) (Leichty, J.); *Williams v. Angie's List, Inc.*, 223 F. Supp.3d 779, 782-83 (S.D. Ind. 2016). At the first step, before discovery, the plaintiff must submit affidavits or other evidence to make a "modest showing" that he is "similarly situated" to other employees. *Williams*, 223 F. Supp.3d at 782-83. This burden, though modest, cannot be met merely with the complaint's allegations. *Dominguez v. Don Pedro Rest.*, 2007 U.S. Dist. LEXIS 6659, 7 (N.D. Ind. Jan. 25, 2007); *cf. Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 377 (7th Cir. 2015) (analyzing allegations under Rule 23) ("This does not mean, however, that on issues affecting class certification, a court must simply assume the truth of the matters as asserted by the plaintiff.").

The second step to certification occurs after discovery—permitting the defendant to seek decertification of the class. The class is then held to a more stringent standard. *Knox v. Jones Group*, 208 F. Supp.3d 954, 958 (S.D. Ind. 2016); *see also Espenscheid*, 705 F.3d at 772 ("[D]espite the difference between a collective action and a class action and the absence from the collective-action section of the Fair Labor Standards Act of the kind of detailed procedural provisions found in Rule 23 . . . there isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences.").

Mr. Valesh filed this motion in the early stages of this case, though the court now addresses it as the parties have wrestled with the question of arbitration (since withdrawn) and approached the close of discovery. Still his motion falls under the first step of the analysis. He says delivery drivers at Bajco Group's Papa John's stores are (1) paid minimum wage or minimum wage minus a tip credit while on the road making deliveries, (2) provide their own cars for work, and (3) are reimbursed for

their automobile expenses at a per-delivery amount that results in reimbursement payments below the IRS standard mileage rate, resulting in an FLSA violation. *See* 29 C.F.R. § 531.35; *Zellagui v. MCD Pizza, Inc.*, 59 F. Supp.3d 712, 716 (E.D. Pa. 2014). He seeks to notify "[a]ll current and former delivery drivers who worked at any Bajco Group Papa John's Pizza location within the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter" (ECF 5).

Mr. Valesh meets his burden here through his declaration that makes a modest factual showing that other delivery drivers exist who have been subject to similar terms of employment and compensation by Bajco Group (ECF 6-3). Papa John's pizza delivery drivers complete essentially the same duties. Based on his own personal observations, Mr. Valesh says drivers are paid minimum wage minus a tip credit for the hours worked delivering pizza, and at or around minimum wage for the non-tipped hours worked inside the store (*Id.* ¶ 18). He says they drive their own cars for work, but Bajco Group doesn't reimburse them for their actual expenses or at the IRS standard business mileage rate (*Id.* ¶ 15). Instead, Bajco Group reimburses the drivers at a flat amount per delivery order (*Id.* ¶¶ 17, 19). He says he and other delivery drivers were required to pay for the cost of a functioning cell phone to make deliveries (*Id.* ¶ 11).

Mr. Valesh says he observed other drivers being subject to the same terms, spoke to drivers about the terms of their employment, and spoke to managers about the terms of employment for delivery drivers (*Id.* ¶ 19). Mr. Valesh was never asked to provide records relating to his automobile expenses nor did he ever see or hear any coworkers being asked to provide records of expenses (*Id.* ¶ 15). Mr. Valesh completed the same checkout process at the end of each night, and occasionally saw other drivers complete this process as well (*Id.* ¶ 16). Mr. Valesh has been sent to other of Bajco Group's Papa John's stores to pick up food and supplies to bring back to its Lafayette store, and he says other drivers worked in multiple of Bajco Group's Papa John's locations under the same terms (*Id.* ¶¶ 24-25).

Courts have regularly granted conditional FLSA collective action certification in pizza delivery driver cases. *See, e.g.*, *Meetz v. Wis. Hospitality Grp., LLC*, 2017 U.S. Dist. LEXIS 138380, 12 (E.D. Wis. Aug. 29, 2017) (citing cases); *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp.3d 1012, 1025 (S.D. Iowa 2016); *Bellaspica v. PJPA, LLC*, 3 F. Supp.3d 257, 260 (E.D. Pa. 2014). These cases are persuasive here, particularly with no response from the defense. Mr. Valesh made the modest factual showing necessary for conditional certification—that he and others are similarly situated and subject to a common policy. The court accordingly grants Mr. Valesh's request for conditional class certification.

## CONCLUSION

The court GRANTS Mr. Valesh's motion to conditionally certify the pizza delivery driver class (ECF 5). The conditional class will consist of the following: "All current and former delivery drivers who worked at any Bajco Group Papa John's Pizza location within the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter." The court will set a status conference hereafter to discuss the form of notice and any objections to that notice, as well as any alterations to the case schedule in light of this ruling. The court ORDERS the defendants to provide contact information for all potential opt-in plaintiffs within 14 days of the court's order.

SO ORDERED.

March 2, 2021                                         *s/ Damon R. Leichty*
                                                     Judge, United States District Court