# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH VALESH,**<br><br>*On Behalf of Himself and those similarly situated,*<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Bajco International, LLC; Bajco, LLC; Bajco Michiana III, LLC; Bajco Global Management, LLC; Bajco Global Management II, LLC; Bajco 100, LLC; Bajco North, LLC; Bajco East, LLC; Bajco Central, LLC; Bajco Florida, LLC; Bajco Illinois, LLC; Bajco Michiana, LLC; Bajco Michiana II, LLC; Bajco Michiana IV, LLC; Bajco New York, LLC; Bajco Ohio, LLC; Bajco Philadelphia, LLC; Bajco Williamsport, LLC; Bajco Wisconsin, LLC; BETCO 36 Bajco Venture LLC; Nadeem Bajwa, and Faisal Bajwa,**<br><br>**Defendants.** | **Case No.  4:20-cv-28** |

## DEFENDANTS' MOTION TO RECONSIDER
## ORDER GRANTING MOTION TO CERTIFY CLASS

Under Federal Rule of Civil Procedure 59(e), Defendants Bajco International, LLC; Bajco, LLC; Bajco Michiana III, LLC; Bajco Global Management, LLC; Bajco Global Management II, LLC; Bajco 100, LLC; Bajco North, LLC; Bajco East, LLC; Bajco Central, LLC; Bajco Florida, LLC; Bajco Illinois, LLC; Bajco Michiana, LLC; Bajco Michiana II, LLC; Bajco Michiana IV, LLC; Bajco New York, LLC; Bajco Ohio, LLC; Bajco Philadelphia, LLC; Bajco Williamsport, LLC; Bajco Wisconsin, LLC; BETCO 36 Bajco Venture LLC; Nadeem Bajwa, and Faisal Bajwa ("Defendants"), by counsel, move the Court to reconsider its March 2, 2021 Order Granting

Motion to Certify Class (ECF 31) because the Court's determination is premature, given previous Court rulings authorizing Defendants to refile their Motion to Compel Arbitration following completion of limited discovery on whether Plaintiff Joseph Valesh entered into an enforceable arbitration agreement. (ECF 21.)  In support of their motion, Defendants state:

1.      "A motion to reconsider is appropriate when:  (1) a court misunderstands a party; (2) a court decides an issue outside the adversarial issues presented by the parties; (3) a court makes an error of apprehension, as opposed to an error of reasoning; (4) a significant change in the law has occurred; or (5) significant new facts have been discovered." *Am. Chem. Serv., Inc. v. U.S. Fid. & Guaranty Co.*, No. 2:13-CV-177 JVB; 2015 WL 3508125, at *1 (N.D. Ind. June 4, 2015) (citing *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011)).

2.      Defendants respectfully assert the Court's Order Granting Motion to Certify Class ("Order") reflects a misunderstanding or misapprehension regarding the status of Defendants' argument that Plaintiff's claims must be compelled to arbitration on an individual basis.

3.      On June 4, 2020, Plaintiff filed his Motion to Certify Class and a supporting Memorandum of Law. (ECF 5, 6).

4.      On August 6, 2020, Defendants timely filed their Motion to Compel Individual Arbitration and Dismiss and a supporting Memorandum of Law. (ECF 12, 13).

5.      On August 31, 2020, Plaintiff filed his Motion to Hold Defendant's Motion to Compel Arbitration in Abeyance and a supporting Memorandum of Law. (ECF 14, 15).  In his Motion, Plaintiff requested limited discovery on whether he entered into an enforceable arbitration agreement with Defendants. (ECF 15, at 1.)

6.      Defendants filed their response on September 11, 2020, and Plaintiff filed his reply on September 21, 2020. (ECF 16, 17.)

7.      On October 1, 2020, Magistrate Judge Kolar scheduled a telephonic hearing to address the pending motions. (ECF 19.)

8.      Following the telephonic hearing, Magistrate Judge Kolar granted the Plaintiff's Motion and afforded the parties thirty days, to and including November 15, 2020, to complete discovery on whether Plaintiff entered into an enforceable arbitration agreement with Defendants. (ECF 21.) Magistrate Judge Kolar's Order stated "Defendants' oral motion to withdraw without prejudice their [12] Motion to Compel Individual Arbitration and Dismiss, and with leave to refile after completion of the discovery, is GRANTED without objection." (ECF 21.) Magistrate Judge Kolar's Order further stated "The [12] Motion to Compel Individual Arbitration and Dismiss is hereby WITHDRAWN WITHOUT PREJUDICE and with leave to refile after completion of discovery." (ECF 21.)

9.      By order dated November 17, 2020, the Court extended the discovery period to November 30, 2020. (ECF 24.) On December 15, 2020, the Court entered a discovery schedule extending to March 16, 2021, the deadline to complete discovery including depositions. (ECF 27.) In its order, the court stated "All other deadlines, including any deadline to file any motion to compel arbitration and/or dismiss, to be set by the Court." (*Id.*)

10.     The parties have completed written discovery and are scheduling three depositions. Following those depositions, Defendants anticipate the parties will revisit whether Plaintiff will agree to pursue his claims on an individual basis in arbitration. Absent such an agreement, Defendants, as authorized by Magistrate Judge Kolar's November 15, 2020, Order, anticipate moving to compel Plaintiff to arbitration.

11.     Because the question of whether Plaintiff must arbitrate his claims against Defendants remains an open question, Defendants respectfully submit the Court's decision to grant

Plaintiff's motion to conditionally certify a class is premature. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 7th Cir. 2020) ("[W]e conclude that a court may not authorize notice to individuals whom the court has been shown entered mutual arbitration agreements waiving their right to join the action. And the court must give the defendant an opportunity to make that showing.").

WHEREFORE, because the question of whether Plaintiff can pursue his claims in this Court remains unanswered, Defendants respectfully ask the Court to reconsider its ruling granting Plaintiff's Motion to Certify a Class.

Respectfully submitted,

*/s/ Brian L. Mosby*
Brian L. Mosby (#26096-29)
*Attorney for Defendants*

LITTLER MENDELSON, P.C.
111 Monument Circle
Suite 702
Indianapolis, IN 46204
Telephone: 317.287.3600
Facsimile: 317.636.0712
E-mail: bmosby@littler.com

**CERTIFICATE OF SERVICE**

I certify I have this 9th day of March, 2021, filed a copy of the foregoing *Defendant's Motion to Reconsider Granting of Plaintiff's Motion to Certify Class* electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's CM/ECF system.

*/s/ Brian L. Mosby*
Brian L. Mosby

4849-1238-0895.1 069115.1019